UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PG GREINER, INC.,

    Plaintiff,

v.                                    CASE NO: 8:04-cv-1394-T-23TGW

KASSBOHRER
GELANDERFAHRZEUGE AG, et al.,

    Defendants.
_____/

**ORDER**

PG Greiner, Inc., ("PG Greiner") sues Kässbohrer Geländerfahrzeug AG ("Kässbohrer") alleging breach of an oral contract, unjust enrichment, promissory estoppel, and a violation of Florida's Outdoor Power Equipment Manufacturers, Distributors, Wholesalers, and Servicing Dealers Act ("Outdoor Power Equipment Act"). § 686.601, et seq., Fla. Stat. Kässbohrer moves (Doc. 26) to dismiss, and PG Greiner moves (Doc. 30) to file a second amended complaint. Kässbohrer opposes (Doc.33) PG Greiner's motion to amend. Kässbohrer argues that, because the motion to dismiss applies equally to any proposed amendment,[1] PG Greiner's motion to amend proves futile and the claims against Kässbohrer in both the amended complaint and proposed second amended complaint should be dismissed. Accordingly, PG Greiner's motion (Doc. 30) to amend is **GRANTED**, and Kässbohrer's opposition to the second amended

---

[1] Kässbohrer incorporates the arguments contained in its motion to dismiss into its opposition to the motion to amend.

complaint and motion to dismiss are construed together as a motion to dismiss the second amended complaint. The Clerk is directed to file the second amended complaint attached to the motion (Doc. 30) as of the date of this order.

Kässbohrer argues that the Outdoor Power Equipment Act does not apply to this action and that application of the statute is unconstitutional.[2] Kässbohrer argues that PG Greiner fails to state a claim for breach of an oral contract, unjust enrichment, and promissory estoppel. The allegations of the second amended complaint "contain, at a minimum, a short and plain statement showing that a plaintiff is entitled to relief and giv[e] fair notice of what the plaintiff's claim is and the grounds that support it." Business Radio, Inc. v. Relm Wireless Corp., No. 6:05 CV 372 OLR 31JG, 2005 WL 1432788 *2 (M.D. Fla. June 20, 2005). Accordingly, the second amended complaint meets the "exceedingly low" threshold to survive a motion to dismiss.[3] Ancata v. Prison Health Servs., Inc., 769 F.2d 700, 703 (11th Cir. 1985); see also Conley v. Gibson, 355 U.S. 41, 45-46 (1957) ("a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of

---

[2] No compelling legal authority cited by Kässbohrer, including the text of the statute, conclusively bars as a matter of law the application of the Outdoor Power Equipment Act to PG Greiner's claims. Further, whether the statute constitutionally applies in this action depends upon the nature of both the statute and any contract between the parties and is not properly determined on a motion to dismiss.

[3] Kässbohrer submits that the claims for breach of an oral contract and promissory estoppel are barred by the statute of frauds as a matter of law. The second amended complaint attaches a document signed by Kässbohrer evidencing the agreement between PG Greiner and Kässbohrer and, therefore, survives the motion. Kolski ex rel. Kolski v. Kolski, 731 So.2d 169 (Fla. App. 3 Dist. 1999) ("To satisfy the statute [of frauds], a note or memorandum may take almost any possible form.").

his claim which would entitle him to relief"). The defendant's motion (Doc. 26) to dismiss is **DENIED**.[4]

Both defendants seek (Docs. 44, 45) attorneys' fees and sanctions and argue that PG Greiner asserts claims unsupported by fact or law. The defendants' motions lack merit. The defendants demonstrate neither an improper purpose nor an unavailable claim or defense. The defendants' motions (Docs. 44, 45) are **DENIED**.

Pursuant to 28 U.S.C. § 636 and Local Rule 6.01(b), Kässbohrer All Terrain Vehicle's motion (Doc. 42) for summary judgment is **REFERRED** to United States Magistrate Judge Thomas G. Wilson to conduct proceedings as Judge Wilson deems necessary to issue a report and recommendation on the motion. The motion (Doc. 43) for a hearing is referred to the Judge Wilson for disposition. Kässbohrer All Terrain Vehicle's unopposed motion (Doc. 58) to supplement the motion for summary judgment is **GRANTED**. The Clerk is directed to file the supplement attached to the motion (Doc. 58) as of the date of this order.

ORDERED in Tampa, Florida, on July 11, 2005.

STEVEN D. MERRYDAY
UNITED STATES DISTRICT JUDGE

cc:   US Magistrate Judge
      Courtroom Deputy

---

[4] Kässbohrer's motion (Doc. 27) for a hearing is **DENIED**.